UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 09 CR 50041-15 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| ROBERT COBB, ) | |
| ) | |
| Defendant. ) | |

**OPINION & ORDER**

Defendant Robert Cobb moves to reduce his sentence under § 404 of the First Step Act, Pub. L. 115-391, 132 Stat. 5194, § 404 (2018). Because the Court finds Cobb eligible for relief under the statute and concludes that he has shown himself deserving of such relief, the Court, in its discretion, grants his motion and reduces his custodial sentence to time served. All other terms of his original sentence remain in effect.

**BACKGROUND**

On December 15, 2009, a grand jury charged Cobb and co-defendants with conspiracy to knowingly and intentionally distribute and possess with intent to distribute more than 1 kilogram of mixtures containing heroin and more than 50 grams of mixtures containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1). Doc. 139. On September 1, 2010, Cobb pleaded guilty to Count 1 of the second superseding indictment. Doc. 349. As part of the plea, Cobb admitted that beginning in the summer of 2007 and continuing until September 1, 2009, he conspired with co-defendants and others to possess with intent to distribute and distribute more than 1 kilogram of mixtures containing heroin and more than 50 grams of mixtures containing cocaine base. During that time, Cobb periodically travelled to Chicago to obtain cocaine base that he cooked into cocaine base and sold in Rockford. Additionally, while in Chicago, Cobb

sometimes picked up cocaine for Hollis Daniels, the leader of the drug trafficking organization ("DTO") that he cooked into cocaine base and the DTO distributed. On January 5, 2011, Judge Kapala sentenced Cobb to 245 months' imprisonment. Doc. 480. The base offense level was 36, based on a heroin quantity between 10 and 30 kilograms. Doc. 533 at 4. After enhancements and reductions, the final offense level was 35. Cobb's criminal history category was four, indicating an advisory guidelines range of 235 to 293 months. In discussing the imprisonment term of 245 months, the court explained that Cobb committed the relevant offense less than two years after his release from state custody, Cobb had lied to the police about his identity, and he failed to appear in court when required. On August 27, 2015, the court reduced Cobb's term of imprisonment to 196 months, within the amended guidelines range of 188 to 235 months. Doc. 864.

On May 1, 2019, Cobb filed a motion pursuant to 28 U.S.C. § 2255 in a different civil action, Case No. 19-cv-50110. After determining that Cobb's motion amounted to a request for relief under Section 404 of the First Step Act, the Court transferred the motion to this docket on February 18, 2020. The government argues that Cobb is not eligible for relief under the First Step Act and even if he is, a sentence reduction is not warranted because Cobb's guidelines range is the same. The government also argues that the Court should dismiss Cobb's claims that are not brought under the First Step Act.

## ANALYSIS

The Fair Sentencing Act of 2010 increased the quantity of crack cocaine required to trigger mandatory minimum sentences. Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). However, the Fair Sentencing Act was not retroactive and therefore did not impact defendants who committed acts prior to August 3, 2010. Congress addressed this in 2018 by passing the

First Step Act, which made certain provisions of the Fair Sentencing Act retroactive. Pub. L. No. 111-220, 124 Stat. 2372; *United States v. Shaw*, 957 F.3d 734, 737 (7th Cir. 2020). The First Step Act made retroactive the Fair Sentencing Act's increase in the quantity of crack cocaine necessary to trigger § 841's penalties. Section 404(b) of the First Step Act provides, in pertinent part: "A court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a).

Relief under the First Step Act is discretionary. *See id.* § 404(c). Therefore, there are two steps in this analysis: (1) whether the defendant is eligible for a sentence reduction under the First Step Act; and (2) whether the Court should reduce the defendant's sentence. *Shaw*, 957 F.3d at 736.

**I.     Eligibility**

Because Cobb committed the relevant offense prior to August 3, 2010, his violation satisfies the first requirement of a "covered offense" under § 404(a) of the First Step Act. The government argues there is no "covered offense" because the sentencing court found Cobb responsible for 2.9 kilograms of cocaine base and 11.9 kilograms of heroin, and the cocaine base quantity far exceeds the 280-gram threshold to apply the 10-year mandatory minimum. That is, the government asks the Court to focus on Cobb's underlying conduct to assess whether the Fair Sentencing Act altered his penalty range, rather than the underlying statute. The Seventh Circuit has rejected a similar argument, concluding that the phrase "the statutory penalties for which

3

were modified by section 2 or 3" refers to "Federal criminal statute," not to "a violation of a federal criminal statute." *Id.* at 738; *see also United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019) ("If [a defendant] was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'"). Therefore, to determine Cobb's eligibility for relief, the Court evaluates whether the First Step Act modified his statute of conviction.

When the court convicted and sentenced Cobb, the statutory sentence for conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base was 10 years to life. 21 U.S.C. § 841(b)(1)(A) (2006). The Fair Sentencing Act reduced the statutory penalties for 50 grams of cocaine to a lesser range of 5 to 40 years. *Id.* § 841(b)(1)(B). Under current law, 280 grams of cocaine base is necessary to subject a defendant to the higher, 10-year statutory minimum. *Id.* § 841(b)(1)(A). Accordingly, the Fair Sentencing Act modified the statutory penalty for the underlying statute of conviction, thus, there is a "covered offense" for purposes of the First Step Act. *Shaw*, 957 F.3d at 739–40 (defendants eligible to seek relief under the First Step Act because the Fair Sentencing Act modified the penalties for crack cocaine); *United States v. Taylor*, No. 04 CR 495-38, 2020 WL 2476529, at *3 (N.D. Ill. May 13, 2020) (same).

The Seventh Circuit has not yet addressed whether a defendant is eligible for a reduced sentence under the First Step Act when he is charged with a conspiracy to distribute crack cocaine and another controlled substance and, as here, the distribution of that other controlled substance alone provided the basis for the sentence. *See Taylor*, 2020 WL 2476529, at *4. However, many courts have concluded that the defendant's offense is still covered when a defendant was convicted of a multiple-objective conspiracy. *See id.* ("the Fair Sentencing Act modified the statutory penalties for the crack cocaine portion of a multiple-drug conspiracy

4

charge even if the penalties for other controlled substances remain the same" and a multi-objective conspiracy is covered); *United States v. Gravatt*, 953 F.3d 258, 262 (4th Cir. 2020) ("a multi-object conspiracy where the penalties of one object (possession of crack cocaine) were modified by the Fair Sentencing Act, while the penalties of the other (powder cocaine) were not reduced" is covered for purposes of the First Step Act); *see also United States v. Coates*, No. 04 CR 464-4, 2020 WL 2745974, at *2 (N.D. Ill. May 27, 2020) (the defendant's offense was still covered when it involved both heroin and powder cocaine); *United States v. Mitchell*, No. 06 CR 723-2, 2020 WL 1139245, at *3 (N.D. Ill. Mar. 9, 2020) (conviction was a covered offense when the defendant was charged with a heroin and crack cocaine conspiracy); *United States v. Luna*, No. 3:05-CR-58 (SRU), 2020 WL 464778, at *3–4 (D. Conn. Jan. 29, 2020) (collecting cases). This Court agrees. The Fair Sentencing Act modified the statutory penalties for crack cocaine, and the statute of conviction, not the underlying conduct, determines eligibility. *See Shaw*, 957 F.3d at 739 ("[T]he statute of conviction alone determines eligibility for First Step Act relief."). Because the Fair Sentencing Act modified the statutory penalties for the statute of conviction, Cobb is eligible for relief.

**II.     Relief**

The Court must now decide whether to exercise its discretion to reduce Cobb's sentence. In determining whether a sentence reduction is warranted, the Court considers the § 3553(a) factors. *Shaw*, 957 F.3d at 742; *see also United States v. Hudson*, No. 19-2075, 2020 WL 4198333, at *3 (7th Cir. July 22, 2020) (in evaluating whether to reduce a defendant's sentence, courts may consider "new statutory minimum or maximum penalties; current Guidelines; post-sentencing conduct; and other relevant information about a defendant's history and conduct"). "Evidence of post-sentencing rehabilitation 'may be highly relevant to several of the § 3553(a)

factors that Congress has expressly instructed district courts to consider at sentencing.'" *United States v. Mansoori*, 426 F. Supp. 3d 511, 519 (N.D. Ill. 2019) (quoting *Pepper v. United States*, 562 U.S. 476, 491 (2011)). Throughout his incarceration, Cobb has found various ways to rehabilitate himself. Cobb has taken over 60 educational courses, including a drug education course. Cobb also received a certificate of competency through the Parks and Recreation Re-Entry Program. To receive that certification, Cobb completed the required educational courses and more than 10,500 hours of on-the-job training. Cobb currently works at a factory job and previously worked in the facility's safety department. According to his affidavit, Cobb is committed to finding a job upon his release and has already identified potential opportunities.

In addition to his education and training, Cobb's affidavit contains other evidence of his rehabilitation. Cobb acknowledges that his negative actions caused harm to his children, family, and community. The Residential Drug Treatment Coordinator selected Cobb as one of 11 inmates to serve as a mentor to other inmates. To become a mentor, Cobb completed three months of training. Cobb has also acted in a leadership position by serving as the head clerk in the facility's chapel. Further, Cobb contends that his family members are prepared to support him upon release. Cobb has four grandsons who have inspired his development during his incarceration, and he has a home that he can reside in upon release. All of this evidence demonstrates to the Court that Cobb has proactively taken steps to rehabilitate himself and incarceration appears to have had the desired deterrent effect, leading Cobb to be law-abiding upon release.

The government argues that the Court should not exercise its discretion under the First Step Act to lower Cobb's sentence because the sentencing guidelines have not changed since Cobb's resentencing. The statutory mandatory minimum for 1 kilogram of heroin is 10 years

6

and the mandatory minimum for 50 grams of cocaine base is 5 years. According to a sentence monitoring report, as of October 23, 2014, Cobb served 4 years and 10 months of his sentence. Doc. 805 at 5. Based on that information, he completed the mandatory minimum of 10 years in December 2019 and has therefore served over ten-and-a-half years of his sentence. The Bureau of Prisons' webpage lists Cobb's release date as February 8, 2024, thus, he has approximately three-and-a-half years of his sentence remaining. The Court remains sensitive to the considerations that supported Cobb's original sentence: recognition of the seriousness of the offense, Cobb's criminal history, and the desire to avoid unwarranted sentencing disparities. However, given the substantial evidence of Cobb's post-sentencing rehabilitation, the Court finds that a sentence of time served is appropriate because Cobb has served a sentence greater than the mandatory minimum.

### III.     Cobb's Non-First Step Act Claims

Cobb also asks the Court to recalculate the quantity of drugs for which he was found personally responsible, reevaluate his enhancement for possession of a firearm, and find that his trial and appellate counsel provided inadequate assistance. The government argues that such arguments are untimely. Although a defendant may have grounds to move a court to vacate, set aside, or correct a sentence under § 2255, a one-year statute of limitations applies. 28 U.S.C. § 2255(a). Relevant here, a federal conviction becomes final for purposes of § 2255 "when the Supreme Court affirms on the merits on direct review or denies a petition for a writ of certiorari, or the time for filing a certiorari petition expires." *Robinson v. United States*, 416 F.3d 645, 646 (7th Cir. 2005). Here, the Supreme Court denied Cobb's petition for a writ of certiorari on October 7, 2013. *See United States v. Cobb*, No. 11-1090 (7th Cir. 2009), *cert. denied*, No. 12-11005 (U.S. Oct. 7, 2013). Thus, the limitations period expired in 2014. Alternatively, Cobb

7

argues that the date on which the limitation period begins should instead be based on the due diligence provision. 28 U.S.C. § 2255(f)(4) (the limitation period shall run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence"). However, Cobb does not indicate why he could not have discovered the fact of his counsels' alleged inadequacy or alleged errors in calculating his sentence through the exercise of due diligence within one year of when his conviction became final. Therefore, the Court cannot conclude that the limitation should run from a date other than when Cobb's conviction became final, and Cobb is well beyond this one-year limitation. Accordingly, the Court denies Cobb's request that the Court reevaluate factors that provided the basis for his sentence or the adequacy of his counsel.

## CONCLUSION

The Court grants Cobb's motion for a reduced sentence under Section 404 of the First Step Act [943]. The Court orders that Cobb's sentence be reduced to time served. The Court leaves all other conditions of his sentence intact.

Dated: September 24, 2020

_____
SARA L. ELLIS
United States District Judge